UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22755-BLOOM

PAUL POE,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED
ON SCHEDULE A,

    Defendants.
_____/

## ORDER ON MOTION TO TEMPORARILY PROCEED UNDER A PSEUDONYM

**THIS CAUSE** is before the Court upon Plaintiff Paul Poe's ("Plaintiff") Motion for Leave to Temporarily Proceed Under a Pseudonym, ECF No. [5] ("Motion"). For the reasons discussed below, the Motion is granted.

Plaintiff alleges federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. ECF No. [1]. Plaintiff notes that websites, such as www.sellerdefense.cn, closely monitor counterfeiting and infringement lawsuits such as this one. Plaintiff's counsel has cases that are among those flagged by counterfeiters who are warned to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught.

Plaintiff therefore argues that it should be permitted to temporarily proceed under a pseudonym in this lawsuit until Defendants' Internet stores and financial accounts are restrained. Plaintiff maintains that, based on counsel's experience in cases with similar facts, defendants who know of other Plaintiffs' true identities evaded prosecution by blocking access to their websites in the United States, closing their online stores and opening new stores under different identities, and transferring assets into different financial accounts.

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315(11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id*. (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent

anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiff's illegal conduct. Nor can it be said that Plaintiff's disclosure of their real names in this trademark suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. See *Plaintiff B*, 631 F.3d at 1316, 1317*; S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. See *In re: Chiquita Brands Int'l, Inc*., 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. In this case, the Court finds that there is no threat of fundamental unfairness to Defendants in allowing Plaintiff to temporarily proceed under a pseudonym. To the contrary, it is Plaintiff that potentially suffers economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiff's identity early enough to allow them to destroy online evidence or evade prosecution.

Case No.: 23-cv-22755-BLOOM

Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, the Court finds that Plaintiff's privacy rights at this early stage of the litigation outweighs the need for Defendants and the public to be aware of Plaintiff's identity. The Court also places significant weight on the fact that Plaintiff seeks to proceed under a pseudonym only temporarily—Plaintiff assures the Court that it will proceed under its real name once Defendants are served and their accounts restrained. Additionally, because it is clear that a foreign entity is monitoring the filings in this specific case in an effort to aid counterfeiters in evading prosecution, the Court finds that—in this unique situation—Plaintiff should be allowed to temporarily proceed under a pseudonym in the public filings.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [5]**, is **GRANTED**. Plaintiff is permitted to temporarily proceed under a pseudonym. Plaintiff shall reveal its actual name once Defendants have been served with the temporary restraining order, if granted, and once Plaintiff has subpoenaed the third-party payment processors and online marketplaces to instruct them to restrain Defendants' assets and suspend their online stores.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record