UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22755-BLOOM/Otazo-Reyes

JASON KAY,

 Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED,

 Defendants.
_____/

**<u>ORDER TO SHOW CAUSE REGARDING JOINDER OF PARTIES</u>**

**THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On August 1, 2023, Plaintiff Jason Kay ("Plaintiff") filed Complaint the above styled action, ECF No. [1], which alleges the following. "Defendants' directly engage in unfair competition with Plaintiff by advertising, offering for sale, and selling goods bearing counterfeits and infringements of plaintiff's intellectual property rights to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names, websites, or seller identification aliases not yet known to plaintiff." Compl. ¶ 43. Defendants "are using counterfeits and infringements of Plaintiff's intellectual property rights to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense." *Id.* ¶ 80. "Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving plaintiff and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the ANONYMOUS Mark, and (iii)

increasing Plaintiff's overall cost to market its goods and educate consumers via the Internet." *Id.* ¶ 96. Plaintiff brought this action to combat the "indivisible harm to Plaintiff by Defendants' combined actions engaging in similar counterfeiting conduct[.]" *Id.* ¶ 66.

Rule 20 of the Federal Rules of Civil Procedure provides in relevant part that

> [p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Moreover, Rule 21 provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "Joinder is 'strongly encouraged' and the rules are construed generously 'toward entertaining the broadest possible scope of action consistent with fairness to the parties.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966)). "However, district courts have 'broad discretion to join parties or not and that decision will not be overturned as long as it falls within the district court's range of choices.'" *Id.* (quoting *Swan v. Ray*, 293 F.3d 1252, 1253 (11th Cir. 2002) (per curiam)).

As the Court of Appeals for the District of Columbia has observed, "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014) (quoting *Hard Drive Productions, Inc. v. Does 1-30,* No. 2:11cv345, 2011 WL 4915551, at *3, 2011 U.S. Dist. LEXIS 119333, at *7 (E.D. Va. 2011) (alterations in original)). Moreover, conclusory allegations of connectivity do not establish a sufficient connection between Defendant to permit joinder. *Id.* (citing *Ilustrata Servicos Design, Ltda. v. P'ships & Unincorporated Ass'ns*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021)).

On those grounds, at least one court in this district has held that a plaintiff who alleged

"Defendants are 'concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of one or more of Plaintiffs' Marks'" cannot satisfy Rule 20's requirements. *Omega, SA v. Individuals, Bus. Entities, & Unincorporated Associations Identified on Schedule "A"*, No. 0:22-CV-60026-KMM, 2023 WL 2248233, at *2 (S.D. Fla. Jan. 14, 2023) (citing cases).

The Complaint alleges that joinder is proper because "Plaintiff asserts rights to relief against these Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences[,]" and because "common questions of law or fact will arise in the action." Compl. ¶ 59. Plaintiff alleges that "[a]ll Defendants' actions are logically related" because "[a]ll Defendants are … engaging in the same systematic approach of establishing online storefronts to redistribute illegal products from the same or similar sources while maintaining financial accounts that the defendants can easily conceal to avoid any real liability for their action." *Id.* ¶ 67. Further, "[a]ll Defendants have the same or closely related sources for their counterfeit products," "[m]any Defendants are operating multiple internet storefronts and online marketplace seller accounts," resulting in "more Seller IDs than there are Defendants," a fact that Plaintiff alleges "will emerge in discovery." *Id.* ¶ 78. "The natural and intended byproduct of Defendants' logically related actions is the erosion and destruction of the goodwill associated with Plaintiffs' intellectual property rights and the destruction of the legitimate market sector in which it operates." *Id.* ¶ 82. The Complaint accordingly alleges that joinder of Defendants "serves the interests of convenience and judicial economy … will not create any unnecessary delay nor will it prejudice any party," and that severance is conversely "likely to cause delays and prejudice Plaintiff and Defendants alike." *Id.* ¶ 61.

As noted, Plaintiff alleges that Defendants' conduct is "logically related" because "[a]ll Defendants" are using "the same systemic approach" to infringe on Plaintiff's intellectual property

3

rights. *Id.* ¶ 67. But Plaintiff has failed to explain how using the same approach to violate Plaintiff's rights, without more, establishes that Defendants' alleged infringements are logically related. Plaintiff fails to sufficiently allege how Defendants' alleged infringements are properly understood as the *same* infringement of Plaintiff's intellectual property rights, nor does Plaintiff sufficiently allege how ordering joint and several relief against Defendants is proper here. Plaintiff also fails to sufficiently allege how Defendants alleged conduct is properly considered as arising out of the same series of transactions or occurrences rather than as "the same type of violation [committed] in the same way[.]" *AF Holdings, LLC*, 752 F.3d 990, 998 (D.C. Cir. 2014). Plaintiff alleges that some named Defendants are likely the same individual or entity, but Plaintiff has not explained how this conclusory assertion, without more, satisfies Rule 20's requirements. *Id.* The Court is accordingly unconvinced that joinder is proper under Rule 20, particularly in view of the recent finding in *Omega SA*, 2023 WL 2248233, at *2, that joinder is improper upon similar allegations.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff shall file a response to this Order **by October 30, 2023**, setting forth why joinder of Defendants is proper under Rule 20. Plaintiff's response should further explain how Defendants' alleged infringements are related to one another, and why these copyright infringements should be considered the *same* rather than *similar* infringements for Rule 20 purposes. Plaintiff should also provide authority to guide the Court's review. If the technical requirements of joinder under Rule 20 are met in this action, Plaintiff shall also set forth whether joinder of Defendants promotes judicial economy. *See Omega, SA*, 2023 WL 2248233, at *3 (finding judicial economy undermined where court must still evaluate evidence submitted against each Defendant in support of liability and damages and exercising discretion not to join defendants under Rule 20).

Case No. 23-cv-22755-BLOOM/Otazo-Reyes

2. Plaintiff shall further show cause why the Court should not drop parties under Rule 21.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 16, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:    Counsel of Record